IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS A. GIVENS,

    Plaintiff,

v.                                                    Civil Action No. 5:12-cv-62

OGDEN NEWSPAPERS, INC.,
ROBERT G. MCCOID, & WTOV, INC.,

    Defendants.

## REPORT & RECOMMENDATION

### *I. INTRODUCTION*

On April 30, 2012, *pro se* Plaintiff, Dennis A. Givens, filed a complaint in this Court, alleging that Defendants published defamatory statements that resulted in his alleged injuries. On May 21, 2012, WTOV filed its Motion to Dismiss for Lack of Jurisdiction (Doc. 9). On July 12, 2012, Ogden Newspapers filed its own Motion to Dismiss (Doc. 15), incorporating the reasoning of WTOV's motion. On November 1, 2012, this Court granted Plaintiff's Application to Proceed *in forma pauperis*, and issued a *Roseboro*[1] notice to Plaintiff concerning his right to file responsive material, and that failure to respond might result in the entry of an order of dismissal against him. Plaintiff has responded to WTOV's motion. Thus, the motion to dismiss is ripe for this Court's review.

### *II. DISCUSSION*

At the outset, the Court will note that although Plaintiff has invoked the Court's diversity and

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)

federal question jurisdiction in his complaint, even a liberal construction of the complaint reveals only state law claims of defamation and intentional infliction of emotional distress.[2] Thus, because no substantial question of federal law would govern the case, *see Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994), the only basis for this Court's jurisdiction is diversity of citizenship between the parties. 28 U.S.C. § 1332.

Under 28 U.S.C. § 1332, a federal court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. Further, it is well established that, with the exception of certain class actions, "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mt. St. Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). If a corporation is a party, it "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id*. (citing 28 U.S.C. § 1332(c)(1)).

In determining where a corporation's principal place of business lies, courts look to where "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). This "nerve center" of the corporation will typically be found at its headquarters. *Id*. In adopting the "nerve center" test as the sole test for determining the citizenship of a corporation for diversity purposes, the Supreme Court rejected a broader general business activities test as unworkable in light of the history of the statute, the historical application of that test, and in the simplicity that lies with the nerve center test. *Id* at 1192-94. Finally, a party asserting a court's diversity jurisdiction has the burden for establishing it and

---

[2]Plaintiff also invokes the Court's jurisdiction under 28 U.S.C. § 1343, but because he has not alleged any violations of the Civil Rights Act in his complaint there is no basis for jurisdiction under that statute.

supporting it by competent proof. *Id.* At 1194-95. With this framework, the Court will now turn to whether complete diversity of the parties exists, and, ultimately, whether this Court has jurisdiction to hear the matter.

Plaintiff's complaint avers that he is a United States citizen that resides in Ohio. Thus, if any defendant is also a citizen of Ohio, then this Court lacks jurisdiction under § 1332 to hear the case. Television broadcaster WTOV, Inc. is incorporated in Delaware, and claims to have its nerve center in Mingo Junction, Ohio. Again, a party seeking to invoke a federal court's jurisdiction has the burden for establishing it, and in his response to WTOV's motion to dismiss Plaintiff submits a photocopied page from a West Virginia phone book that shows a West Virginia address for WTOV. (Doc. 11.) However, as outlined above, just because a corporation has an address or does business in a state does not necessarily make it a citizen of that state. Instead, Plaintiff would have to show, by competent proof, that WTOV's nerve center is in West Virginia in order to establish diversity, and this he has failed to do.

In support of its contention that WTOV has its nerve center at an address in Ohio it has submitted a sworn affidavit from its general manager. (Doc. 13.) That affidavit states that: WTOV has its mailing address in Ohio; WTOV broadcasts all material from the Ohio location; WTOV is directed and managed from the location in Ohio; WTOV employees are employed in Ohio; and the satellite news bureau in West Virginia is directed from the Ohio station. Because it manages, directs, and controls its business operations from the Ohio office, the Court finds that WTOV's principle place of business is in Ohio. Thus, WTOV is a citizen of Ohio and complete diversity of the parties does not exist.[3]

---

[3] Because the Court finds that diversity of citizenship is lacking between Plaintiff and WTOV, it need not determine the citizenship of the other defendants.

## *III. CONCLUSION & RECOMMENDATION*

Because there is not complete diversity of the parties, and because no other ground for this Court's jurisdiction exists, the undersigned recommends that Defendant WTOV's Motion to Dismiss for Lack of Jurisdiction (Doc. 9), and Defendant Ogden Newspaper's Motion to Dismiss (Doc. 15) be **GRANTED**.

Any party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the pro se plaintiffs by certified mail, return receipt requested, to their last known address as reflected on the docket sheet, and to any other counsel of record, as applicable.

DATED: November 20, 2012          /s/ *James E. Seibert*
                                  JAMES E. SEIBERT
                                  UNITED STATES MAGISTRATE JUDGE