IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DENNIS A. GIVENS,

     Plaintiff,

v.                          //          CIVIL ACTION NO. 5:12cv62
                                              (Judge Keeley)

OGDEN NEWSPAPERS, INC.,
ROBERT G. MCCOID, and
WTOV, INC.,

     Defendants.


### ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE


Pending before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the civil complaint filed by pro se plaintiff Dennis A. Givens ("Givens"). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety.

**I.**

On April 30, 2012, Givens filed a pro se complaint claiming various civil and constitutional injuries resulting from the defendants' alleged defamation. Defendant WTOV, Inc. ("WTOV") moved to dismiss the complaint for lack of subject matter jurisdiction on May 12, 2012. (Dkt. No. 9). On July 12, 2012, defendant Ogden Newspapers, Inc. ("Ogden") filed its own motion to dismiss in which

**GIVENS V. OGDEN ET AL.**                                              **5:12CV62**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE

it adopted the reasoning of WTOV's motion. (Dkt. No. 15).[1] Givens then responded to WTOV's motion on June 4, 2012. (Dkt. No. 11).

The Court referred the matter to Magistrate Judge James E. Seibert on May 2, 2012. Pursuant to Title 28, United States Code §§ 636(b)(1)(A) and 636(b)(1)(B) and L.R. Civ. P. 72.01(d)(6), the magistrate judge granted Givens' application to proceed in forma pauperis and later issued a Roseboro notice to Givens regarding his pro se filings.

In his R&R entered on November 20, 2012, the magistrate judge recommended that this Court dismiss Givens' complaint for lack of subject matter jurisdiction because Givens had failed to establish either federal question or diversity jurisdiction. The R&R specifically warned Givens that his failure to file timely, written objections to the R&R identifying specific portions of the R&R to which he objected, and also stating the basis for such objections, would result in the waiver of any appellate rights he might otherwise possess as to this issue.

The Court must conduct a de novo review of portions of the magistrate judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1). However, it need not conduct a de novo review

---

[1]     Defendant Robert G. McCoid ("McCoid") did not enter an appearance prior to the issuance of the Report and Recommendation by the magistrate judge on November 20, 2012. Then, on November 26, 2012, McCoid filed a motion to dismiss on the same grounds argued by WTOV and Ogden.

GIVENS V. OGDEN ET AL.                                          5:12CV62

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### DISMISSING THE COMPLAINT WITHOUT PREJUDICE

when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court will only review the magistrate judge's conclusions for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985).

Although Givens filed timely objections to the R&R on December 3, 2012, (dkt. no. 27), most did not address specific portions of the R&R, complaining only that the R&R was "premature and fails to adequately determine all the facts and the merits an ambiguity of Plaintiff's civil action."(Dkt. No. 27 at 2). At bottom, Givens' objection merely elaborates on the motion to dismiss standard and urges the Court to construe his pro se pleading liberally. Givens also reproduced portions of his proposed, amended complaint. (Dkt. No. 25-1).

Only one objection specifically challenged the magistrate judge's application of an improper standard of review, citing

**GIVENS V. OGDEN ET AL.**                                         **5:12CV62**

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### DISMISSING THE COMPLAINT WITHOUT PREJUDICE

Conley v. Gibson, 355 U.S. 41, 45-46 (1957). On de novo review,
however, the Court concludes that this objection lacks merit. The
Supreme Court has disavowed the lenient pleading standard of Conley
on which Givens relies in favor of the more stringent "plausibility
standard" articulated in Bell Atlantic Corp. v. Twombly, 550 U.S.
544, 561 (2007); Great Western Mining and Mineral Co. v. Fox
Rothschild, LLP, 615 F.3d 159, 176 (4th Cir. 2010). Therefore, in
order to survive a Rule 12(b)(6) motion to dismiss, a complaint
must contain sufficient allegations of fact "to state a claim for
relief that is plausible on its face." Twombly, 550 U.S. at 547.
While Givens is proceeding pro se, he is not immune from Twombly's
requirement that "a pleading contain 'more than labels and
conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th
Cir. 2008) (citing Twombly, 550 U.S. at 555). Givens' admonishment
that this Court can only dismiss his complaint if it finds he
cannot prove any set of facts that would entitle him to relief thus
is legally incorrect.[2]

---

[2]     The Court recognizes that the first Roseboro notice issued on
November 1, 2012 alluded to the Conley standard. (Dkt. No. 16). The
inclusion of the Conley standard in the Roseboro notice is harmless for
two reasons. First, as discussed infra, Givens' complaint does not
properly allege a ground for this Court to exercise subject matter
jurisdiction over his claims under any standard; thus it fails to satisfy
the pleading standards of either Conley or Iqbal. Second, Givens
responded to WTOV's motion to dismiss on June 4, 2012, nearly five months
before the magistrate judge issued the Roseboro notice. Givens,
therefore, never relied on the contents of the Roseboro notice in his

GIVENS V. OGDEN ET AL.                                      5:12CV62

## ORDER ADOPTING REPORT AND RECOMMENDATION AND
## DISMISSING THE COMPLAINT WITHOUT PREJUDICE

Moreover, whether <u>Conley</u>'s more lenient pleading standard applies is irrelevant to the outcome in this case. Givens' complaint would still fail to allege a set of facts entitling him to relief under <u>Conley</u> because it fails to establish that this Court may exercise subject matter jurisdiction over his claims.

See <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999); <u>United States ex rel. Vuyyuru v. Jadhav</u>, 555 F.3d 337, 347 (4th Cir. 2009) (plaintiff must prove jurisdictional facts "by a preponderance of the evidence").

Givens claims both federal question and diversity jurisdiction. In his complaint, however, he alleges only a state law claim of defamation that, on its face, does not support federal question jurisdiction. <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Diversity jurisdiction is also lacking. <u>See</u> 28 U.S.C. § 1332. With few exceptions, diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff. <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). Here, Givens is a citizen of Ohio, and while he maintains that WTOV is a West Virginia citizen, it is clear from the affidavit of

---

response to WTOV's motion to dismiss.

GIVENS V. OGDEN ET AL.                                               5:12CV62

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### DISMISSING THE COMPLAINT WITHOUT PREJUDICE

WTOV's general manager that WTOV's nerve center is located in
Steubenville, Ohio, thus rendering it an Ohio citizen and
destroying complete diversity. (Dkt. No. 13-1.). See Hertz Corp. v.
Friend, 130 S. Ct. 1181, 1186 (2010). Givens' lone exhibit – a
phonebook entry listing various phone numbers in Ohio and West
Virginia for WTOV, but only one address in Ohio – is insufficient
to controvert that affidavit.

Therefore, because both Givens and WTOV are citizens of Ohio,
this Court may not exercise diversity jurisdiction over Givens'
claims. Because federal question jurisdiction is lacking as well,
the Court does not have subject matter jurisdiction in this case

### IV.

Givens' objections to the R&R are not his final word. On
November 26, 2012, defendant Robert McCoid, who had not previously
noted an appearance, moved to dismiss Givens' complaint. (dkt. no.
23). Following that, on November 30, 2012, Givens moved for leave
to amend his complaint to allege a claim under 42 U.S.C. § 1983,
and also seeking to add Scott R. Smith ("Smith"), the Prosecuting
Attorney for Ohio County, West Virginia, as a party.

### V.

As he sought to amend within twenty-one days of the filling of
McCoid's 12(b) motion, Givens is entitled to amend his complaint as

GIVENS V. OGDEN ET AL.                                          5:12CV62

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### DISMISSING THE COMPLAINT WITHOUT PREJUDICE

a matter of course. Fed. R. Civ. P. 15(a)(1)(B).[3] Such amendment,

however, is futile here because Givens' proposed amended complaint

fails to state a claim upon which relief may be granted. A court

has the authority to sua sponte dismiss an in forma pauperis action

that is frivolous, malicious, or fails to state a claim for which

relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Whether a

complaint states a claim upon which relief can be granted is

determined by the standard of review applicable to a motion to

dismiss under Fed. R. Civ. P. 12(b)(6). De'Lonta v. Angelone, 330

F.3d 630, 633 (4th Cir.2003) (citing DeWalt v. Carter, 224 F.3d

607, 611–12 (7th Cir.2000)).

To state a claim under § 1983, a plaintiff must plausibly

allege that he was deprived of a right secured by the Constitution

---

[3]    The Court recognizes that, under Rule 15(a)(1)(B), Givens may only
amend his complaint as a matter of right with regard to McCoid. See 6
Fed. Prac. & Proc. Civ. § 1481 (3d ed.): "[I]f only some defendants file
responsive pleadings, plaintiff still should be governed by the 21-day
amendment period in Rule 15(a)(1)(A) for pleading amendments regarding
the nonresponding defendants.".

As to the other defendants, Givens may only amend his complaint with
leave of the Court. Fed. R. Civ. P. 15(a)(2). While a court should freely
grant a petitioner leave to amend a complaint, Fed. R. Civ. P. 15(a)(2),
a court also has discretion to deny such leave when amendment would be
futile, "that is, if the proposed amended complaint fails to satisfy the
requirements of the federal rules." U.S. ex rel. Wilson v. Kellogg Brown
& Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). As explained infra,
Givens' amended complaint fails to satisfy Fed. Rule of Civ. Pro. 12(b)
(6). Thus, had McCoid not filed his motion to dismiss, the Court would
have denied Givens' leave to file his amended complaint on the same
grounds.

GIVENS V. OGDEN ET AL.                                    5:12CV62

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### DISMISSING THE COMPLAINT WITHOUT PREJUDICE

or federal law. He must further allege that the deprivation occurred under color of state law. Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (citing American Mfrs. Mut. Ins. Co. V. Sullivan, 526 U.S. 40, 49-50 (1999).

Mere private conduct does not satisfy the second prong of § 1983. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40. 50 (1999). While Givens' proposed amended complaint names Smith, presumably a state actor, it fails to allege any facts that would permit the Court to infer Smith engaged in any misconduct at all under color of state law. See Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C.Cir. 2009) ("A pro se complaint ... must be held to less stringent standards than formal pleadings drafted by lawyers. But even a pro se complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct." (internal citations and quotations omitted)).

The proposed amended complaint states only that Smith "burdens the right to petition, speech, and to due process of law," that he "restricts his actions for the state only to limited categories of persons based on what he mistakenly believes," and that he had a "symbiotic relationship" with the remaining defendants, all of whom

**GIVENS V. OGDEN ET AL.**                                               **5:12CV62**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

are    private    parties.[4]    No    facts    support    these    conclusory

allegations.[5]

    Absent plausible allegations of misconduct by a state actor

under color of state law, Givens' proposed amended complaint fails

to state a claim under § 1983 because the remaining defendants are

private parties, not state actors. It therefore does not satisfy

---

[4]      The amended complaint states:

    On or about September 22, 2011, Defendant published a
    statement referring to the Plaintiff defaming Plaintiff,
    referencing Defendant McCoid and Plaintiff by reputation.

    On or about September 21, 2011, Defendant WTOV broadcast video
    statement(s) referring to the Plaintiff defaming Plaintiff and
    injuring Plaintiff's reputation, referencing Defendant McCoid.

    Defendant Ogden, McCoid, WTOV published the defamatory
    statement with actual knowledge that it was false, or with
    tone of reckless disregard as to its truth, falsity,
    authenticity, or negligently.

Dkt. No. 25-1 at 5,6. The complaint does not allege any action taken by
Smith, or any other state actor.

[5]      The Court also notes that prosecutors are absolutely immune from
suit under 42 U.S.C. § 1983 for the initiation and pursuit of criminal
prosecution, Imbler v. Pachtman, 424 U.S. 409, 427 (1976), and enjoy
qualified "good faith" immunity when acting in an investigative or
administrative capacity. Erlich v. Giuliani, 910 F.2d 1220, 1222 (4th
Cir. 1990). See also Rehberg v. Paulk, 132 S.Ct. 1497 (2012). As the
amended complaint does not allege how Smith participated in any alleged
deprivation of Givens' constitutional rights, the Court cannot determine
whether Smith would be entitled to absolute or qualified prosecutorial
immunity.

9

GIVENS V. OGDEN ET AL.                                        5:12CV62

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### DISMISSING THE COMPLAINT WITHOUT PREJUDICE

Federal Rule of Civil Procedure 12(b)(6) and is subject to dismissal.[6]

### CONCLUSION

For the reasons stated above, the Court:

1.   **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 21), dismissing without prejudice Givens' complaint (dkt. no. 1);

2.   **GRANTS** WTOV's Motion to Dismiss (dkt. no. 9);

3.   **GRANTS** Ogden's Motion to Dismiss (dkt. no. 15); and

4.   **DENIES AS MOOT** McCoid's Motion to Dismiss (dkt. no. 23);

5.   **DENIES AS MOOT** Givens' Notice and Motion for Leave to File Amended Complaint (dkt. no. 25);

7.   **DENIES AS MOOT** Givens' Notice and Motion and Memorandum in Support for Hearing (dkt. no. 26); and

8.   **DENIES AS MOOT** Givens' Notice and Motion to Strike Defendant McCoid's Motion to Dismiss (dkt. no. 32).

---

[6]     The Court notes that on December 12, 2012, the magistrate judge issued to Givens a <u>Roseboro</u> notice regarding McCoid's motion to dismiss (dkt. no. 23) that directed Givens to file his opposition to McCoid's motion within thirty days. Although he has not yet filed a response, Givens' response would be superfluous because McCoid's motion to dismiss raises no new ground for dismissal of Givens' claims, and because the Court concludes, sua sponte,  that Givens' amended complaint fails to state a claim for which relief can be granted.

**GIVENS V. OGDEN ET AL.**                                                      **5:12CV62**

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### DISMISSING THE COMPLAINT WITHOUT PREJUDICE

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: December 21, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE