IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DENNIS A. GIVENS,**

    **Plaintiff,**

v.                  //         CIVIL ACTION NO. 5:12cv62
                                     (Judge Keeley)

**OGDEN NEWSPAPERS, INC.,**
**ROBERT G. MCCOID, and**
**WTOV, INC.,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE

Pending before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the civil complaint filed by pro se plaintiff Dennis A. Givens ("Givens"). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety.

### I.

On April 30, 2012, Givens filed a pro se complaint claiming various civil and constitutional injuries resulting from the defendants' alleged defamation. Defendant WTOV, Inc. ("WTOV") moved to dismiss the complaint for lack of subject matter jurisdiction on May 12, 2012. (Dkt. No. 9). On July 12, 2012, defendant Ogden Newspapers, Inc. ("Ogden") filed its own motion to dismiss in which

it adopted the reasoning of WTOV's motion. (Dkt. No. 15).[1] Givens then responded to WTOV's motion on June 4, 2012. (Dkt. No. 11).

The Court referred the matter to Magistrate Judge James E. Seibert on May 2, 2012. Pursuant to Title 28, United States Code §§ 636(b)(1)(A) and 636(b)(1)(B) and L.R. Civ. P. 72.01(d)(6), the magistrate judge granted Givens' application to proceed in forma pauperis and later issued a Roseboro notice to Givens regarding his pro se filings.

In his R&R entered on November 20, 2012, the magistrate judge recommended that this Court dismiss Givens' complaint for lack of subject matter jurisdiction because Givens had failed to establish either federal question or diversity jurisdiction. The R&R specifically warned Givens that his failure to file timely, written objections to the R&R identifying specific portions of the R&R to which he objected, and also stating the basis for such objections, would result in the waiver of any appellate rights he might otherwise possess as to this issue.

The Court must conduct a de novo review of portions of the magistrate judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1). However, it need not conduct a de novo review

---

[1] Defendant Robert G. McCoid ("McCoid") did not enter an appearance prior to the issuance of the Report and Recommendation by the magistrate judge on November 20, 2012. Then, on November 26, 2012, McCoid filed a motion to dismiss on the same grounds argued by WTOV and Ogden.

when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court will only review the magistrate judge's conclusions for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985).

Although Givens filed timely objections to the R&R on December 3, 2012, (dkt. no. 27), most did not address specific portions of the R&R, complaining only that the R&R was "premature and fails to adequately determine all the facts and the merits an ambiguity of Plaintiff's civil action."(Dkt. No. 27 at 2). At bottom, Givens' objection merely elaborates on the motion to dismiss standard and urges the Court to construe his pro se pleading liberally. Givens also reproduced portions of his proposed, amended complaint. (Dkt. No. 25-1).

Only one objection specifically challenged the magistrate judge's application of an improper standard of review, citing

3

**ORDER ADOPTING REPORT AND RECOMMENDATION AND**
**DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

Conley v. Gibson, 355 U.S. 41, 45-46 (1957). On de novo review, however, the Court concludes that this objection lacks merit. The Supreme Court has disavowed the lenient pleading standard of Conley on which Givens relies in favor of the more stringent "plausibility standard" articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007); Great Western Mining and Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 176 (4th Cir. 2010). Therefore, in order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient allegations of fact "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 547. While Givens is proceeding pro se, he is not immune from Twombly's requirement that "a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (citing Twombly, 550 U.S. at 555). Givens' admonishment that this Court can only dismiss his complaint if it finds he cannot prove any set of facts that would entitle him to relief thus is legally incorrect.[2]

---

[2] The Court recognizes that the first Roseboro notice issued on November 1, 2012 alluded to the Conley standard. (Dkt. No. 16). The inclusion of the Conley standard in the Roseboro notice is harmless for two reasons. First, as discussed infra, Givens' complaint does not properly allege a ground for this Court to exercise subject matter jurisdiction over his claims under any standard; thus it fails to satisfy the pleading standards of either Conley or Iqbal. Second, Givens responded to WTOV's motion to dismiss on June 4, 2012, nearly five months before the magistrate judge issued the Roseboro notice. Givens, therefore, never relied on the contents of the Roseboro notice in his

Moreover, whether <u>Conley</u>'s more lenient pleading standard applies is irrelevant to the outcome in this case. Givens' complaint would still fail to allege a set of facts entitling him to relief under <u>Conley</u> because it fails to establish that this Court may exercise subject matter jurisdiction over his claims. <u>See</u> <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999); <u>United States ex rel. Vuyyuru v. Jadhav</u>, 555 F.3d 337, 347 (4th Cir. 2009) (plaintiff must prove jurisdictional facts "by a preponderance of the evidence").

Givens claims both federal question and diversity jurisdiction. In his complaint, however, he alleges only a state law claim of defamation that, on its face, does not support federal question jurisdiction. <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Diversity jurisdiction is also lacking. <u>See</u> 28 U.S.C. § 1332. With few exceptions, diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff. <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). Here, Givens is a citizen of Ohio, and while he maintains that WTOV is a West Virginia citizen, it is clear from the affidavit of

---

response to WTOV's motion to dismiss.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

WTOV's general manager that WTOV's nerve center is located in Steubenville, Ohio, thus rendering it an Ohio citizen and destroying complete diversity. (Dkt. No. 13-1.). See Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010). Givens' lone exhibit – a phonebook entry listing various phone numbers in Ohio and West Virginia for WTOV, but only one address in Ohio – is insufficient to controvert that affidavit.

Therefore, because both Givens and WTOV are citizens of Ohio, this Court may not exercise diversity jurisdiction over Givens' claims. Because federal question jurisdiction is lacking as well, the Court does not have subject matter jurisdiction in this case

**IV.**

Givens' objections to the R&R are not his final word. On November 26, 2012, defendant Robert McCoid, who had not previously noted an appearance, moved to dismiss Givens' complaint. (dkt. no. 23). Following that, on November 30, 2012, Givens moved for leave to amend his complaint to allege a claim under 42 U.S.C. § 1983, and also seeking to add Scott R. Smith ("Smith"), the Prosecuting Attorney for Ohio County, West Virginia, as a party.

**V.**

As he sought to amend within twenty-one days of the filling of McCoid's 12(b) motion, Givens is entitled to amend his complaint as

a matter of course. Fed. R. Civ. P. 15(a)(1)(B).[3] Such amendment, however, is futile here because Givens' proposed amended complaint fails to state a claim upon which relief may be granted. A court has the authority to sua sponte dismiss an in forma pauperis action that is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Whether a complaint states a claim upon which relief can be granted is determined by the standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003) (citing DeWalt v. Carter, 224 F.3d 607, 611–12 (7th Cir.2000)).

To state a claim under § 1983, a plaintiff must plausibly allege that he was deprived of a right secured by the Constitution

---

[3]  The Court recognizes that, under Rule 15(a)(1)(B), Givens may only amend his complaint as a matter of right with regard to McCoid. See 6 Fed. Prac. & Proc. Civ. § 1481 (3d ed.): "[I]f only some defendants file responsive pleadings, plaintiff still should be governed by the 21-day amendment period in Rule 15(a)(1)(A) for pleading amendments regarding the nonresponding defendants.".

As to the other defendants, Givens may only amend his complaint with leave of the Court. Fed. R. Civ. P. 15(a)(2). While a court should freely grant a petitioner leave to amend a complaint, Fed. R. Civ. P. 15(a)(2), a court also has discretion to deny such leave when amendment would be futile, "that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). As explained infra, Givens' amended complaint fails to satisfy Fed. Rule of Civ. Pro. 12(b)(6). Thus, had McCoid not filed his motion to dismiss, the Court would have denied Givens' leave to file his amended complaint on the same grounds.

or federal law. He must further allege that the deprivation occurred under color of state law. <u>Lytle v. Doyle</u>, 326 F.3d 463, 471 (4th Cir. 2003) (citing <u>American Mfrs. Mut. Ins. Co. V. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

Mere private conduct does not satisfy the second prong of § 1983. <u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40. 50 (1999). While Givens' proposed amended complaint names Smith, presumably a state actor, it fails to allege any facts that would permit the Court to infer Smith engaged in any misconduct at all under color of state law. See <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681–82 (D.C.Cir. 2009) ("A pro se complaint ... must be held to less stringent standards than formal pleadings drafted by lawyers. But even a <u>pro se</u> complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct." (internal citations and quotations omitted)).

The proposed amended complaint states only that Smith "burdens the right to petition, speech, and to due process of law," that he "restricts his actions for the state only to limited categories of persons based on what he mistakenly believes," and that he had a "symbiotic relationship" with the remaining defendants, all of whom

are private parties.[4] No facts support these conclusory allegations.[5]

Absent plausible allegations of misconduct by a state actor under color of state law, Givens' proposed amended complaint fails to state a claim under § 1983 because the remaining defendants are private parties, not state actors. It therefore does not satisfy

---

[4] The amended complaint states:

On or about September 22, 2011, Defendant published a statement referring to the Plaintiff defaming Plaintiff, referencing Defendant McCoid and Plaintiff by reputation.

On or about September 21, 2011, Defendant WTOV broadcast video statement(s) referring to the Plaintiff defaming Plaintiff and injuring Plaintiff's reputation, referencing Defendant McCoid.

Defendant Ogden, McCoid, WTOV published the defamatory statement with actual knowledge that it was false, or with tone of reckless disregard as to its truth, falsity, authenticity, or negligently.

Dkt. No. 25-1 at 5,6. The complaint does not allege any action taken by Smith, or any other state actor.

[5] The Court also notes that prosecutors are absolutely immune from suit under 42 U.S.C. § 1983 for the initiation and pursuit of criminal prosecution, Imbler v. Pachtman, 424 U.S. 409, 427 (1976), and enjoy qualified "good faith" immunity when acting in an investigative or administrative capacity. Erlich v. Giuliani, 910 F.2d 1220, 1222 (4th Cir. 1990). See also Rehberg v. Paulk, 132 S.Ct. 1497 (2012). As the amended complaint does not allege how Smith participated in any alleged deprivation of Givens' constitutional rights, the Court cannot determine whether Smith would be entitled to absolute or qualified prosecutorial immunity.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

Federal Rule of Civil Procedure 12(b)(6) and is subject to dismissal.[6]

**CONCLUSION**

For the reasons stated above, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 21), dismissing without prejudice Givens' complaint (dkt. no. 1);

2. **GRANTS** WTOV's Motion to Dismiss (dkt. no. 9);

3. **GRANTS** Ogden's Motion to Dismiss (dkt. no. 15); and

4. **DENIES AS MOOT** McCoid's Motion to Dismiss (dkt. no. 23);

5. **DENIES AS MOOT** Givens' Notice and Motion for Leave to File Amended Complaint (dkt. no. 25);

7. **DENIES AS MOOT** Givens' Notice and Motion and Memorandum in Support for Hearing (dkt. no. 26); and

8. **DENIES AS MOOT** Givens' Notice and Motion to Strike Defendant McCoid's Motion to Dismiss (dkt. no. 32).

---

[6] The Court notes that on December 12, 2012, the magistrate judge issued to Givens a Roseboro notice regarding McCoid's motion to dismiss (dkt. no. 23) that directed Givens to file his opposition to McCoid's motion within thirty days. Although he has not yet filed a response, Givens' response would be superfluous because McCoid's motion to dismiss raises no new ground for dismissal of Givens' claims, and because the Court concludes, sua sponte, that Givens' amended complaint fails to state a claim for which relief can be granted.

GIVENS V. OGDEN ET AL.                                    5:12CV62

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: December 21, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE